UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SUREE SRILAMSINGHA** | **CASE NO. 2:20-CV-00668** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GOLDEN NUGGET LAKE CHARLES L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion of Defendant Golden Nugget Lake Charles, LLC to Dismiss on Prescription Pursuant to Rule 12(b)" (Doc. #21). As of this date, Plaintiff, Suree Srilamsingha has not filed an opposition to Defendants' Motion to Dismiss and the time for doing so has now lapsed.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mrs. Srilamsingha, through counsel, filed the instant lawsuit in the Harris County, Texas State District Court.[1] In her Original Petition, Mrs. Srilamsingha alleges that she visited the restaurant, Lillie's Asian Cuisine for dinner on or about February 4, 2018. The restaurant is located inside the Golden Nugget Lake Charles casino and resort located in Lake Charles, Louisiana.[2] While walking past the host podium, inside the restaurant to meet her husband, Mrs. Srilamsingha slipped and fell landing on her arm, causing her to suffer severe pain and swelling to that arm.[3]

---

[1] Doc. 1-4, Plaintiff's Original Petition.
[2] Id. ¶ 5.2.
[3] Id. ¶ 5.4.

Mrs. Srilamsingha asserts causes of action based on negligence and premises liability,[4] and has named as Defendants, Landry's Inc., a Texas corporation, Golden Nugget Lake Charles, LLC, ("Golden Nugget") a Louisiana limited liability company,[5] and Lillie's Asian Cuisine, a trade name that Golden Nugget owns and uses to identify a restaurant it operates at its Lake Charles casino and resort.[6]

Golden Nugget removed the case to the United States District Court for the Southern District of Texas on May 11, 2020.[7] Considering that the incident occurred in Louisiana, the Texas federal court found that venue was not proper, and ordered that the case be transferred to this Court under 28 U.S.C. §§ 1406 and 1631.[8] The Texas court also dismissed claims against Landry's, Inc. based on fraudulent joinder.[9]

## **RULE 12(B)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

---

[4] Id. ¶ ¶ 6.1, 6.8.
[5] The sole member is GNLC Holdings, Inc. a Louisiana corporation.
[6] Id. ¶ ¶ 2.2, 2.3, and 2.4.
[7] Doc. 1.
[8] Doc. 11.
[9] Doc. 9.

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Golden Nugget moves to dismiss the instant lawsuit with prejudice; Golden Nugget maintains that Mrs. Srilamsingha's are prescribed. As previously noted, this case was transferred to this Court because of improper venue. Following a transfer under § 1406(a), the transferee district court should apply its own state law rather than the state of the transferor district court. *Jackson v. West Telemarketing Corp. Outbound,* 245 F.3d 518 (5th Cir. 2001); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 141 (5th Cir. 2007); *Ellis v. Great Sw. Corp.,*646 F.2d 1099, 1110 (5th Cir. 1981). When the basis of federal jurisdiction is diversity of citizenship, a federal court applies the statute of limitations that the forum state would apply. *Huss v. Gayden,* 571 F.3d 442, 449-50 (5th Cir. 2009).

Tort claims are subject to a liberative prescription of one year in Louisiana and commences to run from the day injury or damage is sustained. Louisiana Civil Code article 3492.[10]  Louisiana Civil Code article 3462 provides as follows:

---

[10] Article 3492, in pertinent part, provides as follows:

> Delictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained. . . .

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in and an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

Golden Nugget contends that prescription lapsed on February 4, 2019, one year after Mrs. Srilamsingha's alleged injury, noting that she filed her lawsuit in the Texas State District Court on February 3, 2020. The Court agrees that Mrs. Srilamsingha's claims of negligence and premise liability have prescribed.

## **CONCLUSION**

Because the Court finds that Mrs. Srilamsingha's claims have prescribed, her claims will be dismissed with prejudice for failure to state a claim.

**THUS DONE AND SIGNED** in Chambers on this 11th day of August, 2020.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**